UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| KRISTIN TRUEMAN, | Case No. 2:16-CV-2558 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY, | |
| Defendant(s). | |

Presently before the court is defendant Clark County's ("Clark County" or "defendant") motion to dismiss. (ECF No. 8). Plaintiff Kristin Trueman ("Trueman" or "plaintiff") filed a response (ECF No. 14),[1] to which Clark County replied (ECF No. 15).

**I.  Facts**

This instant case involves various causes of actions regarding the eviction of Trueman from 10520 Angel Dreams, Las Vegas, Nevada (the "property"). (ECF No. 1 at 2). On November 1, 2013, Trueman and her fiancé, Mr. Landon Amini ("Amini"), entered into a one-year residential lease agreement with nonparty Dr. Randy Le ("Dr. Le") for the property. (ECF No. 1 at 2).

On August 7, 2014, Homewood served a five-day notice to pay or quit addressed to Trueman and Amini. (ECF No. 1 at 2).

On August 20, 2014, Trueman commenced a bankruptcy proceeding leading to an automatic stay under 11 U.S.C. § 362(a). (ECF No. 1 at 2).

---

[1] Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. LR IC 2-2(b). The court cannot consider plaintiff's request for leave to amend her complaint unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

On August 25, 2014, Homewood began an eviction proceeding in state court against Trueman and Amini.[2] (ECF No. 1 at 2–3). Three days later the Nevada state court entered a summary eviction order against Amini. (ECF No. 1 at 3).

On September 2, 2014, Trueman filed a notice of her pending bankruptcy regarding the state court's summary of eviction order. (ECF No. 1 at 3).

On or about September 2, 2014, deputy officers for the Las Vegas township constable[3] ("deputy constable officers") entered the property to remove Trueman and Amini from the premises. (ECF No. 1 at 3). Amini informed the Homewood representative that Trueman filed for bankruptcy. (ECF No. 1 at 3). Once the deputy constable officer verified Trueman did in fact file for bankruptcy, the deputy constable officer and the Homewood representative left the premises. (ECF No. 1 at 3).

Thereafter, on October 23, 2014, Dr. Le commenced a separate eviction proceeding in Nevada state court against Trueman.[4] (ECF No. 1 at 3). On October 25, 2014, the state court denied Dr. Le's request for summary eviction. (ECF No. 1 at 3).

On the morning of November 4, 2014, deputy constable officers and Las Vegas Metropolitan Police Department ("LVMPD") officers evicted Trueman and Amini from the property. (ECF No. 1 at 3–4).

Two years later, on November 4, 2016, Trueman filed the instant complaint. (ECF No. 1). Trueman alleges six causes of action against Clark County: (1) wrongful eviction; (2) constitutional rights violation under 42 U.S.C. § 1983; (3) conversion; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) negligence. (ECF No. 1).

---

[2] Case no. 14E018850.

[3] In January 2015, the Las Vegas township constable's office was dissolved by the vote and authority of Clark County. (ECF No. 1 at 4). Las Vegas Metropolitan Police Department ("LVMPD") became the legal successor of the Las Vegas township constable. (ECF Nos. 1, 8 at 2 n.1).

[4] Case no. 14E023794.

James C. Mahan
U.S. District Judge

In the immediate motion, Clark County moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (ECF No. 8). The court will separately address the § 1983 claim and address the remaining state law claims together.

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

James C. Mahan
U.S. District Judge

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. 42 U.S.C. § 1983 (Claim 2)

In the instant motion, the defendant argues the plaintiff failed to assert the official policy or custom established by the defendant that controlled the former Las Vegas township constable's office. (ECF No. 8 at 7). In particular, the defendant contends that although local government bodies are persons under § 1983 and can be sued for constitutional injuries, local governments are liable only if they cause the alleged constitutional violation. (ECF No. 8 at 4). Thus, the defendant maintains it cannot be held liable for the actions of the now dissolved Las Vegas township constable's office and its deputy constables because Clark County lacked authority to control the operation of the Las Vegas township constable. (ECF No. 8 at 7). This court agrees.

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Municipalities and other local government are considered "persons" to whom § 1983 applies. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). A local government may be liable under § 1983 when execution of a government's policy or custom

James C. Mahan
U.S. District Judge

- 4 -

inflicts an injury. *Id.* at 694. Additionally, more than the mere existence of an employee-employer relationship is needed to demonstrate the liability of a local government. *Id.* at 693.

To establish the liability of a local government under § 1983, "the constitutional violation must be caused by 'a policy, practice, or custom of the entity,' or be the result of an order by a policy-making officer." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). The term "policy" in this context means "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 1143 (quoting *Long*, 442 F.3d at 1185).

To that end, a plaintiff may allege that a defendant has policies "that result in the municipality itself violating someone's constitutional rights or instructing its employees to do so, and those that result, through omission, in municipal responsibility for a constitutional violation committed by one of its employees." *Id.* (internal quotation omitted). A plaintiff alleging that a defendant's omission violated the former's constitutional rights must show that defendant's corresponding policy indicates "deliberate indifference to the plaintiff's constitutional right." *Id.* (internal quotations omitted).

Here, plaintiff's complaint and opposition to the motion to dismiss simply assert that Clark County's liability is based on the fact that Clark County controlled the Las Vegas township constable's enterprise fund and monitored its finances. (ECF Nos. 1, 14). However, the plaintiff's claim fails because Clark County's control over the constable's funds does not represent a custom, policy, or practice of Clark County which violates the plaintiff's constitutional rights.

Additionally, the plaintiff claims the defendant is a successor-in-interest and liable for the constitutional violations of its predecessor, Las Vegas township constable. (ECF No. 14 at 6). However, pursuant to Nevada Revised Statute § 258.010(2), the successor-in-interest in the present case is LVMPD, not the defendant. Nev. Rev. Stat. § 258.010 (2015).

In sum, the plaintiff's complaint does not plausibly assert a constitutional claim brought under § 1983 for which relief may be granted. Accordingly, the court will grant the defendant Clark County's motion to dismiss (ECF No. 8).

. . .

**James C. Mahan**
**U.S. District Judge**

**B. State law claims**

Under 28 U.S.C. § 1367(c)(3), district courts "may decline to exercise supplemental jurisdiction over [related claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The plaintiff presents no argument regarding why this court should retain jurisdiction over her state law claims once the federal claim is dismissed. (*See* ECF No. 14). Therefore, because the § 1983 claim is dismissed, and it is the only claim over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. *See, e.g.*, *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Clark County's motion to dismiss the complaint (ECF No. 8) be, and the same hereby is, GRANTED WITHOUT PREJUDICE consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff Trueman's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED May 24, 2017.

_____
UNITED STATES DISTRICT JUDGE